IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| REBECCA HOPGOOD, | ) | 10- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Jury Trial Demand |
| WEST ASSET MANAGEMENT, INC., | ) | |
| a Delaware corporation, REDLINE RECOVERY | ) | |
| SERVICES, L.L.C., a Georgia limited liability | ) | |
| company,  RECEIVABLES PERFORMANCE | ) | |
| MANAGEMENT, L.L.C., a Washington | ) | |
| limited liability company, and PROFESSIONAL | ) | |
| ACCOUNT SERVICES, INC., a Tennessee | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.This action seeks redress for the illegal practices of Defendants in connection with the

collection of debts.  This Complaint alleges that Defendants violated the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 ILCS 505/2 et seq. entitling Plaintiff to relief.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question

jurisdiction),  15 U.S.C. § 1692k (Fair Debt Collection Practices Act), and 28 U.S.C. § 1367

(supplemental jurisdiction).

### PARTIES

3. Plaintiff, Rebecca Hopgood, is an individual who resides in Coles County, Illinois.

4. Plaintiff is a "consumer" as defined by Section 803(3) of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692a(3).

5. Defendant, West Asset Management, Inc. (Hereinafter referred to as "West")  is a corporation

organized under the laws of the State of Delaware.

6. Defendant West Asset Management, Inc. is a "debt collector" as defined by Section 803(6) of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

7. At all times relevant to this matter, Defendant West Asset Management, Inc. was collecting a

consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692a(5).

8. Defendant, Redline Recovery Services, L.L.C. (Hereinafter referred to as "Redline")  is a

limited liability company organized under the laws of the State of Georgia.

9. Defendant Redline Recovery Services, L.L.C. is a "debt collector" as defined by Section

803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

10. At all times relevant to this matter, Defendant Redline Recovery Services, L.L.C. was

collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692a(5).

11. Defendant, Receivables Performance Management, L.L.C.  (Hereinafter referred to as

"RPM")  is a limited liability company organized under the laws of the State of Washington.

12. Defendant Receivables Performance Management, L.L.C. is a "debt collector" as defined by

Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

13. At all times relevant to this matter, Defendant Receivables Performance Management, L.L.C.

was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692a(5).

14. Defendant, Professional Account Services, Inc. (Hereinafter referred to as "PAS") is a corporation organized under the laws of the State of Tennessee.

15. Defendant Professional Account Services, Inc. is a "debt collector" as defined by Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

16. At all times relevant to this matter, Defendant Professional Account Services, Inc. was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(5).

## FAIR DEBT COLLECTION PRACTICES ACT AND ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES CLAIMS AGAINST DEFENDANTS

### Count I – Fair Debt Collection Practices Act against West Asset Management, Inc.

17. Sometime prior to June 2009, a credit card company or bad debt buyer placed a consumer account owed by Scott Thompson with Defendant West Asset Management, Inc.

18. Plaintiff Rebecca Hopgood is not an obligor of this account.

19. Scott Thompson has not resided with Plaintiff Rebecca Hopgood.

20. Scott Thompson has never used Plaintiff's telephone number, 217-234-4028.

21. During the period of June 2009 through July 2009, Defendant West Asset Management, Inc. contacted Plaintiff Rebecca Hopgood on no less than five occasions in an attempt to collect the debt. One of the telephone numbers used by Defendant West Asset Management, Inc. was 202-367-9911.

22. Defendant West Asset Management, Inc. explained that it was collecting a credit card debt with a balance under $1,000.00 owed by Scott Thompson.

23. On each occasion, Plaintiff Rebecca Hopgood informed Defendant West Asset management,

Inc, of the following: (1) that Scott Thompson does not reside with her; (2) that Scott Thompson

does not use the telephone number for messages; (3) that she not owe the debt they are

attempting to collect; and (4) that she does not want to receive any further debt collection

telephone calls from them.

24. Defendant West Asset Management, Inc. advised her it thought she was lying to them and

informed her that the debt collection calls would continue until the debt was paid.

25. Defendant West Asset Management, Inc.  violated the FDCPA by continuing to contact the

wrong person in an attempt to collect a debt in violation of 15 § U.S.C. § 1692d.

26. Defendant West Asset Management, Inc. violated the FDCPA by having an employee

repeatedly contact Plaintiff Rebecca Hopgood in an attempt to collect the debt and repeatedly or

continuously with the intent to annoy, abuse, or harass the Plaintiff  in violation  of 15 U.S.C. §§

1692d and 1692d(5).

27. Defendant West Asset Management, Inc. violated the FDCPA when it attempted to collect a

debt that the Plaintiff Rebecca Hopgood does not owe in violation of  15 U.S.C. §§ 1692e,

1692e(2), 1692e(5), and 1692e(10).

28.  As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her

favor and against Defendant West Asset Management, Inc. for: (a) actual and statutory damages;

(b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court

deems appropriate.

**Count II  -- Illinois Consumer Fraud and Deceptive Business Practices Act Against West Asset Management, Inc.**

29.  Sometime prior to June 2009, a credit card company or bad debt buyer placed a consumer account owed by Scott Thompson with Defendant West Asset Management, Inc.

30. Plaintiff Rebecca Hopgood is not an obligor of this account.

31. Scott Thompson has not resided with Plaintiff Rebecca Hopgood.

32. Scott Thompson has never used Plaintiff's telephone number,  217-234-4028.

33. During the period of June 2009 through July 2009, Defendant West Asset Management, Inc. contacted Plaintiff Rebecca Hopgood on no less than five occasions in an attempt to collect the debt.  One of the telephone numbers used by Defendant West Asset Management, Inc. was 202-367-9911.

34. Defendant West Asset Management, Inc. explained that it was collecting a credit card debt with a balance under $1,000.00 owed by Scott Thompson.

35. On each occasion, Plaintiff Rebecca Hopgood informed Defendant West Asset management, Inc, of the following: (1) that Scott Thompson does not reside with her; (2) that Scott Thompson does not use the telephone number for messages; (3) that she not owe the debt they are attempting to collect; and (4) that she does not want to receive any further debt collection telephone calls from them.

36. Defendant West Asset Management, Inc. advised her it thought she was lying to them and informed her that the debt collection calls would continue until the debt was paid.

37.  The Illinois Consumer Fraud and Deceptive Business Practices Act prohibits: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the

use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act."

38.  Defendant West Asset Management, Inc. committed a deceptive business practice when it engaged in a scheme to fraudulently and maliciously coerce, pressure and induce Plaintiff Rebecca Hopgood to pay a debt she was not otherwise obligated to pay.

39.  As an actual and proximate cause of Defendant's conduct, Plaintiff Rebecca Hopgood suffered injury.

40.  Defendant West Asset Management, Inc.  made the representations and carried out its scheme knowingly, intentionally, willfully, maliciously, and in bad faith, or with wanton and reckless disregard for her rights and  interests, entitling the Plaintiff Rebecca Hopgood to recover punitive damages against Defendant West Asset Management, Inc.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her favor and against Defendant West Asset Management, Inc. for  appropriate compensatory and punitive damages;  attorney's fees, litigation expenses and costs; and such other or further relief as the Court deems appropriate.

**<u>Count III – Fair Debt Collection Practices Act  against Redline Recovery Services, L.L.C.</u>**

41.  Sometime prior to November 2009, a credit card company or bad debt buyer placed a

consumer account owed by Patricia Hopgood with Defendant Redline Recovery Services, L.L.C.

42. Plaintiff Rebecca Hopgood is not an obligor of this account.

43. Patricia Hopgood has not resided with Plaintiff Rebecca Hopgood.

44. During the period of November 2009 through December 2009, Defendant Redline Recovery

Services, L.L.C. contacted Plaintiff Rebecca Hopgood on many occasions in an attempt to

collect the debt.  One of the telephone numbers used by Defendant Redline Recovery Services,

L.L.C. was 866-482-9910.

45. On each occasion, Plaintiff Rebecca Hopgood informed Defendant Redline Recovery

Services, L.L.C. of the following: (1) that Patricia Hopgood does not reside with her; (2) that

Patricia Hopgood does not use the telephone number for messages; (3) that she not owe the debt

they are attempting to collect; and (4) that she does not want to receive any further debt

collection telephone calls from them.

46. Defendant Redline Recovery Services, L.L.C. . advised her it thought she was lying to them

and informed her that the debt collection calls would continue until the debt was paid.

47. On December 21, 2009, at 10:35 a.m.,  Defendant Redline Recovery Services, L.L.C.

contacted Plaintiff at her residence in an attempt to collect the debt owed by Patricia Hopgood.

48. Defendant Redline Recovery Services, L.L.C. left a phone message that stated: This is not a

sales call.  This is an attempt to collect a debt.  It is important that you call us back at 866-482-

9910.

49. Later that day,  Defendant Redline Recovery Services, L.L.C. left a second phone message

similar to the previous message.

50. Defendant Redline Recovery Services, L.L.C. violated the FDCPA by continuing to contact the wrong person in an attempt to collect a debt in violation of 15 U.S.C. § 1692d.

51. Defendant Redline Recovery Services, L.L.C. violated the FDCPA by having an employee repeatedly contact Plaintiff Rebecca Hopgood in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff in violation of 15 U.S.C. §§ 1692d and 1692d(5).

52. Defendant Redline Recovery Services, L.L.C. violated the FDCPA when it attempted to collect a debt that the Plaintiff Rebecca Hopgood does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

53. As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her favor and against Defendant Redline Recovery Services, L.L.C. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court deems appropriate.

## Count IV -- Illinois Consumer Fraud and Deceptive Business Practices Act against Redline Recovery Services, L.L.C.

54. Sometime prior to November 2009, a credit card company or bad debt buyer placed a consumer account owed by Patricia Hopgood with Defendant Redline Recovery Services, L.L.C.

55. Plaintiff Rebecca Hopgood is not an obligor of this account.

56. Patricia Hopgood has not resided with Plaintiff Rebecca Hopgood.

57. During the period of November 2009 through December 2009, Defendant Redline Recovery

Services, L.L.C. contacted Plaintiff Rebecca Hopgood on many occasions in an attempt to

collect the debt.  One of the telephone numbers used by Defendant Redline Recovery Services,

L.L.C. was 866-482-9910.

58. On each occasion, Plaintiff Rebecca Hopgood informed Defendant Redline Recovery

Services, L.L.C.  of the following: (1) that Patricia Hopgood does not reside with her; (2) that

Patricia Hopgood does not use the telephone number for messages; (3) that she not owe the debt

they are attempting to collect; and (4) that she does not want to receive any further debt

collection telephone calls from them.

59. Defendant Redline Recovery Services, L.L.C. . advised her it thought she was lying to them

and informed her that the debt collection calls would continue until the debt was paid.

60. On December 21, 2009, at 10:35 a.m.,  Defendant Redline Recovery Services, L.L.C.

contacted Plaintiff at her residence in an attempt to collect the debt owed by Patricia Hopgood.

61. Defendant Redline Recovery Services, L.L.C. left a phone message that stated: This is not a

sales call.  This is an attempt to collect a debt.  It is important that you call us back at 866-482-

9910.

62. Later that day,  Defendant Redline Recovery Services, L.L.C. left a second phone message

similar to the previous message.

63.  The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505,

prohibits: "Unfair methods of competition and unfair or deceptive acts or practices, including but

not limited to the use or employment of any deception fraud, false pretense, false promise,

misrepresentation or the concealment, suppression or omission of any material fact, with intent

that others rely upon the concealment, suppression or omission of such material fact, or the use

or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act."

64. Defendant Redline Recovery Services, L.L.C. committed a deceptive business practice when it engaged in a scheme to fraudulently and maliciously coerce, pressure and induce Plaintiff Rebecca Hopgood to pay a debt she was not otherwise obligated to pay.

65. As an actual and proximate cause of Defendant's conduct, Plaintiff Rebecca Hopgood suffered injury.

66. Defendant Redline Recovery Services, L.L.C. made the representations and carried out its scheme knowingly, intentionally, willfully, maliciously, and in bad faith, or with wanton and reckless disregard for her rights and interests, entitling the Plaintiff Rebecca Hopgood to recover punitive damages against Defendant Redline Recovery Services, L.L.C.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her favor and against Defendant Redline Recovery Services, L.L.C. for appropriate compensatory and punitive damages; attorney's fees, litigation expenses and costs; and such other or further relief as the Court deems appropriate.

### Count V – Fair Debt Collection Practices Act against Receivables Performance Management, L.L.C.

67. Sometime prior to October 2009, a credit card company or bad debt buyer placed a consumer

10

account owed by Patricia Hopgood with Defendant Receivables Performance Management, L.L.C.

68. Plaintiff Rebecca Hopgood is not an obligor of this account.

69. Patricia Hopgood has never used Plaintiff's telephone number, 217-234-4028.

70. Patricia Hopgood has not resided with Plaintiff Rebecca Hopgood.

71. During the period of October through December 2009, Defendant Receivables Performance Management, L.L.C. contacted Plaintiff Rebecca Hopgood on many occasions in an attempt to collect the debt.  One of the telephone numbers used by Defendant Receivables Performance Management, L.L.C. was 240-210-7113.

72.  On each occasion, Plaintiff Rebecca Hopgood informed Defendant Receivables Performance Management, L.L.C. of the following: (1) that Patricia Hopgood does not reside with her; (2) that Patricia Hopgood does not use the telephone number for messages; (3) that she not owe the debt they are attempting to collect; and (4) that she does not want to receive any further debt collection telephone calls from them.

73. Defendant Receivables Performance Management, L.L.C. advised her it thought she was lying to them and informed her that the debt collection calls would continue until the debt was paid.

74.  On or about October 14, 2009, at 7:10 pm CT, an employee of Defendant Receivables Performance Management, L.L.C. named John contacted Plaintiff at her residence in an attempt to collect the debt owed by Patricia Hopgood.

75.  Once again, Plaintiff advised that she does not owe the debt and that Defendant Receivables Performance Management, L.L.C. is contacting the wrong person.

76. Defendant Receivables Performance Management, L.L.C. proceeded to inform Plaintiff that it is collecting her daughter-in-law's VISA account, how much was owed, and offered a settlement.

77. On December 21, 2009, at 9:45 p.m., an employee of Defendant Receivables Performance Management, L.L.C. named Rhonda contacted Plaintiff at her residence in an attempt to collect the debt owed by Patricia Hopgood.

78. Rhonda left the following message: This is Rhonda. I have important information for you. Please return this call at 866-212-7408.

79. Defendant Receivables Performance Management, L.L.C. violated the FDCPA by continuing to contact the wrong person in an attempt to collect a debt in violation of 15 U.S.C. §1692d.

80. Defendant Receivables Performance Management, L.L.C. violated the FDCPA by having an employee repeatedly contact Plaintiff Rebecca Hopgood in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff in violation of 15 U.S.C. §§ 1692d and 1692d(5).

81. Defendant Receivables Performance Management, L.L.C. violated the FDCPA when it attempted to collect a debt that the Plaintiff Rebecca Hopgood does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

82. As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her favor and against Defendant Receivables Performance Management, L.L.C. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further

relief as the Court deems appropriate.

## Count VI – Illinois Consumer Fraud and Deceptive Business Practices Act against
## Receivables Performance Management, L.L.C.

83. Sometime prior to October 2009, a credit card company or bad debt buyer placed a consumer

account owed by Patricia Hopgood with Defendant Receivables Performance Management,

L.L.C.

84. Plaintiff Rebecca Hopgood is not an obligor of this account.

85. Patricia Hopgood has never used Plaintiff's telephone number, 217-234-4028.

86. Patricia Hopgood has not resided with Plaintiff Rebecca Hopgood.

87. During the period of October through December 2009, Defendant Receivables Performance

Management, L.L.C. contacted Plaintiff Rebecca Hopgood on many occasions in an attempt to

collect the debt.  One of the telephone numbers used by Defendant Receivables Performance

Management, L.L.C. was 240-210-7113.

88.  On each occasion, Plaintiff Rebecca Hopgood informed Defendant Receivables Performance

Management, L.L.C. of the following: (1) that Patricia Hopgood does not reside with her; (2)

that Patricia Hopgood does not use the telephone number for messages; (3) that she not owe the

debt they are attempting to collect; and (4) that she does not want to receive any further debt

collection telephone calls from them.

89.  Defendant Receivables Performance Management, L.L.C. advised her it thought she was

lying to them and informed her that the debt collection calls would continue until the debt was

paid.

90.  On or about October 14, 2009, at 7:10 pm CT, an employee of Defendant Receivables

Performance Management, L.L.C. named John contacted Plaintiff at her residence in an attempt to collect the debt owed by Patricia Hopgood.

91.  Once again, Plaintiff advised that she does not owe the debt and that Defendant Receivables Performance Management, L.L.C. is contacting the wrong person.

92.  Defendant Receivables Performance Management, L.L.C.  proceeded to inform Plaintiff that it is collecting her daughter-in-law's VISA account, how much was owed, and offered a settlement.

93.  On December 21, 2009, at 9:45 p.m., an employee of Defendant Receivables Performance Management, L.L.C. named Rhonda contacted Plaintiff at her residence in an attempt to collect the debt owed by Patricia Hopgood.

94.  Rhonda left the following message:  This is Rhonda.  I have important information for you. Please return this call at 866-212-7408.

95.  The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, prohibits: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission

Act."

96.  Defendant Receivables Performance Management, L.L.C. committed a deceptive business practice when it engaged in a scheme to fraudulently and maliciously coerce, pressure and induce Plaintiff Rebecca Hopgood to pay a debt she was not otherwise obligated to pay .

97.  As an actual and proximate cause of Defendant's conduct, Plaintiff Rebecca Hopgood suffered injury.

98.  Defendant Receivables Performance Management, L.L.C. made the representations and carried out its scheme knowingly, intentionally, willfully, maliciously, and in bad faith, or with wanton and reckless disregard for her rights and interests, entitling the Plaintiff Rebecca Hopgood to recover punitive damages against Defendant Receivables Performance Management, L.L.C.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her favor and against Defendant Receivables Performance Management, L.L.C. for appropriate compensatory and punitive damages; attorney's fees, litigation expenses and costs; and such other or further relief as the Court deems appropriate.

**Count VII --Fair Debt Collection Practices Act against Professional Account Services, Inc.**

99.  Sometime prior to June 2010, a credit card company or bad debt buyer placed a consumer account owed by Scott Thompson with Defendant Professional Account Services, Inc.

100.  Plaintiff Rebecca Hopgood is not an obligor of this account.

101.  Scott Thompson has not resided with Plaintiff Rebecca Hopgood.

102.  Scott Thompson has never used Plaintiff's telephone number,  217-234-4028.

103.  On June 26, 2010, an unidentified male employee of Defendant Professional Account

Services, Inc. contacted Plaintiff at her residence in attempt to collect a debt owed by Scott

Thompson.

104.  The male employee asked, "Let me speak to Scott Thompson."

105.  Plaintiff explained that he had the wrong telephone number.

106.  The male employee accused Plaintiff of lying, stated he did have the correct number and

continued to collect the debt.

107.  Plaintiff informed Defendant Professional Account Services, Inc. to not contact her again.

108.  On June 27, 2010, a female employee of Defendant Professional Account Services, Inc.

named  Monica contacted Plaintiff at her residence in an attempt to collect the debt owed by

Scott Thompson.

109.  Once again, Plaintiff stated that the Defendant had the wrong number.

110.  Plaintiff also asked the Defendant how it obtained her phone number.

111.  Defendant stated that the question was "irrelevant" and continued to collect the debt.

112.  Defendant also accused the Plaintiff of lying and asked if "Scott Thompson" was her

husband.

113.  Once again, Plaintiff asked Defendant Professional Account Services, Inc. to cease all

attempts to collect the debt from her.

114.  Defendant Professional Account Services, Inc. violated the FDCPA by continuing to

contact the wrong person in an attempt to collect a debt in violation of 15  U.S.C. §1692d.

115.  Defendant Professional Account Services, Inc. violated the FDCPA by having an employee

repeatedly contact Plaintiff Rebecca Hopgood in an attempt to collect the debt and repeatedly or

continuously with the intent to annoy, abuse, or harass the Plaintiff  in violation  of 15 U.S.C. §§

1692d and 1692d(5).

116.  Defendant Professional Account Services, Inc. violated the FDCPA when it attempted to collect a debt that the Plaintiff Rebecca Hopgood does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

117.  As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her favor and against Defendant Professional Account Services, Inc. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court deems appropriate.

## VIII -- Illinois Consumer Fraud and Deceptive Business Practices Act against Professional Account Services, Inc.

118.  Sometime prior to June 2010, a credit card company or bad debt buyer placed a consumer account owed by Scott Thompson with Defendant Professional Account Services, Inc.

119.  Plaintiff Rebecca Hopgood is not an obligor of this account.

120.  Scott Thompson has not resided with Plaintiff Rebecca Hopgood.

121.  Scott Thompson has never used Plaintiff's telephone number, 217-234-4028.

122.  On June 26, 2010, an unidentified male employee of Defendant Professional Account Services, Inc. contacted Plaintiff at her residence in attempt to collect a debt owed by Scott Thompson.

123.  The male employee asked, "Let me speak to Scott Thompson."

124.  Plaintiff explained that he had the wrong telephone number.

125.  The male employee accused Plaintiff of lying, stated he did have the correct number and

continued to collect the debt.

126.  Plaintiff informed Defendant Professional Account Services, Inc. to not contact her again.

127.  On June 27, 2010, a female employee of Defendant Professional Account Services, Inc.

named Monica contacted Plaintiff at her residence in an attempt to collect the debt owed by Scott

Thompson.

128.  Once again, Plaintiff stated that the Defendant had the wrong number.

129.  Plaintiff also asked the Defendant how it obtained her phone number.

130.  Defendant stated that the question was "irrelevant" and continued to collect the debt.

131.  Defendant also accused the Plaintiff of lying and asked if "Scott Thompson" was her

husband.

132.  Once again, Plaintiff asked Defendant Professional Account Services, Inc. to cease all

attempts to collect the debt from her.

133.  The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505,

prohibits: "Unfair methods of competition and unfair or deceptive acts or practices, including but

not limited to the use or employment of any deception fraud, false pretense, false promise,

misrepresentation or the concealment, suppression or omission of any material fact, with intent

that others rely upon the concealment, suppression or omission of such material fact, or the use

or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices

Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared

unlawful whether any person has in fact been misled, deceived or damaged thereby. In

construing this section consideration shall be given to the interpretations of the Federal Trade

Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission

Act."

134. Defendant Professional Account Services, Inc. committed a deceptive business practice when it engaged in a scheme to fraudulently and maliciously coerce, pressure and induce Plaintiff Rebecca Hopgood to pay a debt she was not otherwise obligated to pay .

135. As an actual and proximate cause of Defendant's conduct, Plaintiff Rebecca Hopgood suffered injury.

136. Defendant Professional Account Services, Inc. made the representations and carried out its scheme knowingly, intentionally, willfully, maliciously, and in bad faith, or with wanton and reckless disregard for her rights and interests, entitling the Plaintiff Rebecca Hopgood to recover punitive damages against Defendant Professional Account Services, Inc.

WHEREFORE, Plaintiff Rebecca Hopgood requests that the Court enter judgment in her favor and against Defendant Professional Account Services, Inc. for appropriate compensatory and punitive damages; attorney's fees, litigation expenses and costs; and such other or further relief as the Court deems appropriate.

REBECCA HOPGOOD, Plaintiff

s/ Roy Jackson Dent
Roy Jackson Dent
Bar Number 6255835
Attorney for Plaintiff
BRANKEY & SMITH, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232

Email: rdent@brankeysmithpc.com

19

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rebecca Hopgood

## DEFENDANTS
West Asset Management, Inc., Redline Recovery Services, L.L.C., Receivables Performance Management, L.L.C., Professional Account Services, Inc.

(b) County of Residence of First Listed Plaintiff **Coles**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roy Jackson Dent, Brankey & Smith, P.C., 622 Jackson Avenue, Charleston, IL 61920 (217) 345-6222

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692, 815 ILCS 505
Brief description of cause:
Fair Debt Collection Practices Act and Illinois Consumer Fraud and Deceptive Business Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                DOCKET NUMBER

DATE
07/02/2010

SIGNATURE OF ATTORNEY OF RECORD
s/ Roy Jackson Dent

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

         **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

         **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.       **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**       Example:       U.S. Civil Statute: <u>47 USC 553</u>
                                                                 Brief Description: <u>Unauthorized reception of cable service</u>

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.